IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN R., | : | |
| | : | Case No. 1:24-cv-317 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| COMMISSIONER OF THE SOCIAL | : | Recommendation |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | | |

This matter is before the Court on the United States Magistrate Judge Caroline H. Gentry's August 27, 2025 Report and Recommendation ("R&R") (Doc. 11) in this Disability Benefits and Supplemental Security Income case. In her R&R, the Magistrate Judge recommended that Plaintiff's Statement of Errors be overruled, the Commissioner's non-disability determination be affirmed, and the case be terminated from the docket of this Court. (Doc. 11 at PageID 20.) Plaintiff did not timely object to the R&R. For the reasons that follow, the Court will **ADOPT** the R&R. (Doc. 11.)

On August 28, 2021, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income under Title II of the Social Security Act. (Social Security Administration, Decision, Doc. 6-2 at PageID 38.) The Commissioner of Social Security denied Plaintiff's application. (*Id*.) On May 24, 2023, an Administrative Law Judge ("ALJ") issued a Decision in which he determined that Plaintiff has not been under a disability within the meaning of the Social Security Act from November 28, 2018 through the date of the decision. (*Id*. at PageID 35–50.) The ALJ made the following findings of fact, as set forth by the Magistrate Judge:

1

Step 1: Plaintiff has not engaged in substantial gainful activity since November 28, 2018, the alleged onset date.

Step 2: He has the severe impairments of residual effects secondary to a history of hypertrophic cardiomyopathy with implantable cardioverter-defibrillator, obstructive sleep apnea, type II diabetes mellitus, obesity, speech impairment secondary to a history of hearing loss, depression, and an anxiety disorder.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to the following limitations: "(1) occasional crawling and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards, such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) no concentrated exposure to temperature extremes, respiratory irritants, or humid areas; (6) no exposure to strong magnetic fields; (7) simple, routine, and repetitive one-to-three step tasks; (8) occasional contact with coworkers and supervisors; (9) no more than occasional oral communication with coworkers and supervisors; (10) no public contact; (11) no fast paced work; (12) no strict production quotas; and (13) very little, if any, change in the job duties or the work routine from one day to the next."

He is unable to perform any of his past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 11 at PageID 2316–17 (citing ALJ Decision, Doc. 6-2 at PageID 40–49.)) The ALJ concluded that Plaintiff's impairments did not meet the definition of disability and, as a result, determined Plaintiff was not entitled to benefits. (Doc. 11 at PageID 2317 (citing ALJ Decision, Doc. 6-2 at PageID 49–50.)) An Appeals Council denied Plaintiff's request for review on April 9, 2024. (Doc. 6-2 at PageID 21.)

On June 7, 2024, Plaintiff filed this federal action seeking review of the ALJ's Decision. (Doc. 1.) On September 4, 2024, Plaintiff filed a Statement of Errors asserting: "[T]he ALJ

reversibly erred by failing to properly evaluate the treating counselor opinion for supportability as required by 20 C.F.R. §§ 404.1520c and 416.920c." (Doc. 7 at PageID 2273.) On August 27, 2025, the Magistrate Judge reviewed the administrative record and applicable law and determined that the ALJ did not reversibly err in his evaluation of Counselor Samantha Gilliam, L.P.C.'s medical opinion. (Doc. 11 at PageID 2323.)

The Magistrate Judge correctly evaluated the ALJ's Decision for "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The Magistrate Judge determined that the ALJ addressed both the supportability and consistency factors when he evaluated Counselor Gilliam's opinions, and his explanation of these factors is sufficient to satisfy the applicable regulations. (*Id*. at PageID 2331.) Further, the Magistrate Judge determined that the ALJ relied upon substantial evidence to support his conclusion that Counsel Gilliam's opinions were not persuasive. (*Id*.) Finding the ALJ complied with the applicable regulations and substantial evidence supports the ALJ's analysis of the supportability factor, the Magistrate Judge recommended the ALJ's Decision be affirmed. (*Id.* at PageID 2332.)

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir.

2003).[1]  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).  When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3-19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made.").  Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.

No objections have been filed to the Magistrate Judge's R&R.  The Undersigned has reviewed the R&R, which thoughtfully applied applicable law and gave ample consideration to the argument presented by Plaintiff.  The Undersigned agrees with the Magistrate Judge's recommendation that the Statement of Errors be overruled, the Commissioner's non-disability determination be affirmed, and the case be terminated from the docket of this Court.  (Doc. 11 at PageID 2332.)  The Court, therefore, **ADOPTS** the R&R (Doc. 11) and dismisses this action from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[1] "[T]he district court need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (cleaned up).